IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CELINA L. SPRINKLE,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 07-0713-WS-B** |
| | ) |
| **JOE EDWARD JOHNSON,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter comes before the Court on plaintiffs' Motion to Remand (doc. 5). The Court-ordered briefing schedule having expired with no response from defendants, the Motion is ripe for disposition at this time.[1]

**I.    Background.**

On or about August 7, 2007, plaintiffs Celena L. Sprinkle (individually and as mother and next friend of her three-year old daughter, Breana F. Stewart) and Tracey Lee Stewart filed a Complaint in the Circuit Court of Mobile County, Alabama against defendants R.D. Construction, Inc., Colonel McCrary Trucking, LLC, and Joe Edward Johnson. The Complaint alleged exclusively state-law causes of action for various permutations of negligence and wantonness (including negligent and wanton hiring, training, supervision, and entrustment with respect to the corporate defendants) arising from an automobile accident on Highway 59 in

---

[1] Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it ...."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a ... motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp.2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, defendants' decision not to respond to the Motion to Remand is at their peril.

Baldwin County, Alabama on the afternoon of July 11, 2007.  According to the Complaint, plaintiffs sustained injuries when their vehicle was struck by a truck that ran a red light.  The Complaint alleges that defendant Johnson was the driver of the truck, that defendant R.D. Construction owned the truck, that R.D. Construction employed Johnson, and that Johnson was driving on R.D. Construction's behalf at the time of the accident.

No specific monetary damages were claimed in the Complaint; however, plaintiffs seek compensatory and punitive damages, including an award of past and future medical costs, lost wages, pain and suffering, and the like.  The injuries for which plaintiffs seek recompense include "a severe head injury" to plaintiff Sprinkle that is "believed at this time to be permanent," as well as "a severe spinal cord injury" to young Breana Stewart which has left her "paralyzed from her neck down." (Complaint, ¶¶ 19, 23, 25, 27, 29.)  Additionally, the Complaint alleges that plaintiffs are all residents of Alabama, that R.D. Construction and McCrary Trucking are Georgia corporations, and that Johnson is a resident of Alabama.  (*Id.*, ¶¶ 1-6.)  With respect to Johnson, the Complaint lists a specific residential address, to-wit: 931 Lumpkin Road, Mobile, Alabama.

On October 5, 2007, defendants R.D. Construction and McCrary Trucking (but not Johnson, who apparently had not yet been served with process) removed this action to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.  The Notice of Removal (doc. 1) predicated federal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Of particular significance to the pending Motion to Remand, defendants maintained that complete diversity exists because Johnson "is not a resident citizen of Alabama," and "it is believed that Johnson is a resident of Mississippi." (Doc. 1, at 4.)  In support of these contentions, defendants appended to the Notice of Removal the affidavit of James Allen Davidson, stating that he had purchased the property located at 931 Lumpkin Road from Johnson's father in June 2004 and that Johnson has not resided at that address since that time.  (Doc. 1, at Exh. B.)  Defendants also proffer copies of Johnson's Consolidated Appearance Bonds filed in Baldwin County Circuit Court in July 2007 that recite a Lucedale, Mississippi address for him.  (*Id.* at Exh. C.)[2]  Based

---

[2] Those Consolidated Appearance Bonds reflect that Johnson was charged with three counts of first-degree assault, one count of driving while revoked, and one count of running

on those documents, R.D. Construction and McCrary Trucking contend that the § 1332 prerequisite of complete diversity of citizenship is satisfied because, unlike plaintiffs, defendant Johnson is not an Alabama citizen.

      Plaintiffs' Motion to Remand counters defendants' evidence with a substantial showing that Johnson is, in fact, a citizen of Alabama. In particular, Johnson's nephew, Craig Bodin, Jr., signed an affidavit stating personal knowledge that Johnson "always considered Alabama as his home," and that Johnson has worked in multiple states but "[w]henever a job would play out, it seems he would always return to his home in Alabama." (Motion to Remand (doc. 5), at Exh. A.) Johnson's sister, Belinda Bodin, supplied a similar affidavit in which she stated that, even though Johnson has "worked in a lot of places, ... his home has always been Alabama" and "he has always listed his home state address as Alabama." (*Id.* at Exh. B.) Johnson's father also submitted an affidavit on plaintiffs' behalf wherein he averred that, regardless of the many states in which Johnson has worked, "he has always listed and considered his home in Alabama." (*Id.* at Exh. D.) Plaintiffs have not limited their evidence on this point to family members. An affidavit from the investigating officer for the July 2007 car accident that is the subject of this lawsuit confirms that based on his dealings with Johnson, the officer has "no doubt that [Johnson] considers his residence and/or home to be Alabama. He told me that many times during my direct dealing with him after the wreck." (*Id.* at Exh. C.) The icing on the plaintiffs' evidentiary cake is an affidavit from Johnson himself wherein he avers that "[o]n July 11, 2007 and at all times before then I have been a resident of Alabama. My home has always been Alabama and was on that date." (*Id.* at Exh. E.)[3] Based on this evidentiary showing, plaintiffs contend that defendant Johnson is properly deemed an Alabama citizen for jurisdictional

---

a red light in connection with the July 11, 2007 incident.

     [3] The circumstances through which plaintiffs secured this affidavit from defendant Johnson are unclear. To date, plaintiffs have never submitted proof of service of process as to Johnson. Moreover, the wreck's investigating officer, W.T. Parker, stated in his affidavit dated November 12, 2007 that there are outstanding warrants for Johnson's arrest. Johnson's affidavit is dated November 11, 2007, and was apparently notarized in Wayne County, Georgia. As defendants have opted not to raise any arguments concerning the possible impact of these issues on plaintiffs' position, the Court need not examine them further.

purposes, that complete diversity is therefore lacking, and that remand of this action to the Circuit Court of Mobile County is warranted on that basis. Defendants elected not to be heard in opposition to that Motion.

## II.     Legal Analysis.

### A.     *Governing Standard.*

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (party asserting diversity jurisdiction "has the burden to prove that there is diversity"); *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists") (citation omitted); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction).[4]

There being no federal question presented in the Complaint, R.D. Construction and McCrary Trucking predicated removal on diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000) (to qualify for diversity jurisdiction, complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000"); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d

---

[4]     *See also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345 (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

1284, 1287 (11th Cir. 1998). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).

### B.    Discussion.

Section 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *See, e.g., Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (recognizing "necessary corollary" of diversity jurisdiction that "complete diversity of citizenship" is required) (citation omitted); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n.31 (11th Cir. 2007) ("Section 1332(a)'s diversity requirement has been interpreted to require complete diversity among the parties."); *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity - the citizenship of every plaintiff must be diverse from the citizenship of every defendant.").[5]

For diversity purposes, a person is a citizen of the state in which he is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."); *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001) (same). "Domicile," in turn, is properly defined as "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005) (citations omitted); *Valentin*, 254 F.3d at 366; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home,

---

[5] Of course, mere diversity is not sufficient to give rise to jurisdiction under § 1332. Rather, "the court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison*, 228 F.3d at 1261. The amount in controversy is assessed as of the date of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) ("In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal."); *Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal."). Because the complete diversity issue is dispositive of plaintiffs' Motion to Remand, the Court need not examine the amount in controversy here.

where she resides with the intention to remain or to which she intends to return.")[6]  A party can have only one domicile at a time.  *See Valentin*, 254 F.3d at 367.  When one's domicile is established, it can change only upon a concurrent showing of both (1) physical presence at the new location, and (2) intent to remain there indefinitely.  *See McCormick*, 293 F.3d at 1258; *Valentin*, 254 F.3d at 366 ("in order to change domiciles, a person must move to a new state in which she intends to remain indefinitely").  "[O]nce a [party] shows a former domicile, the presumption is that it continues to exist, and the burden shifts to the [other party] to present evidence that the domicile changed."  *King*, 505 F.3d at 1171 (citation omitted).  In the removal context, "the burden on the question of [a defendant]'s domicile rests with defendants because it is they who seek a federal forum."  *Slate v. Shell Oil Co.*, 444 F. Supp.2d 1210, 1216 (S.D. Ala. 2006).

Based on the parties' respective filings, the Court concludes that defendants have failed to meet their burden of showing by a preponderance of the evidence that Johnson's domicile as of the October 2007 date of removal of this action was a state other than Alabama.[7]  Several of Johnson's relatives, the police officer who investigated the wreck, and Johnson himself have all confirmed that at all times relevant to this action, his true, fixed and permanent home has been in

---

[6] In this regard, a critical distinction emerges between residence and domicile.  As a matter of law, a person residing in a particular state is not necessarily domiciled there, and therefore is not necessarily a citizen of that state.  *See, e.g., Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989) (observing that "one can reside in one place but be domiciled in another"); *Chico v. Puerto Rico Elec. Power Authority*, 312 F. Supp.2d 153, 157 (D.P.R. 2004) ("Mere residence is insufficient to determine a party's jurisdictional status.").  That said, while the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile.  *See Chaara v. Intel Corp.*, 410 F. Supp.2d 1080, 1091 (D.N.M. 2005) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.") (citations omitted); *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp.2d 1220, 1226 (M.D. Ala. 2003) (recognizing presumption that state of residence equates to domicile).

[7] *See Sierminsky v. Transouth Financial Corp.*, 216 F.3d 945, 948 (11th Cir. 2000) (observing that "with regard to whether the parties are diverse, removability should be determined according to the plaintiff's pleading at the time of the petition for removal") (citation omitted); *see generally Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920 (2004) (citing as "hornbook law" the proposition that all challenges to diversity jurisdiction must be measured against the state of facts existing at the time the action was filed).

Alabama, and that he has consistently harbored the intention of returning to Alabama whenever he is absent therefrom. Against this formidable evidentiary submission, the removing defendants' showing of change in domicile is anemic. That Johnson no longer resides at the Lumpkin Road address does not imply that he has moved to a new state where he intends to remain indefinitely. That Johnson listed a Mississippi address at his court appearance after the accident likewise falls short of establishing the requisite circumstances to demonstrate a change in domicile. All indications in the record are that Johnson may temporarily reside outside Alabama from time to time in connection with his employment, but that he always returns to Alabama and that he considers Alabama to be his home. The removing defendants have neither rebutted this evidence nor apparently engaged in a further inquiry into Johnson's circumstances during the time period in question to assist them in meeting their burden.

In light of the foregoing, and in the absence of any argument by the removing defendants in response to plaintiffs' evidentiary showing, the Court finds that the removing defendants have failed to show that defendant Johnson is not a citizen of Alabama. Inasmuch as all plaintiffs are unquestionably Alabama citizens, it appears that complete diversity of citizenship is not present as between plaintiffs and Johnson. The removing defendants having failed to satisfy their burden of proof on the issue of diversity, this action is due to be remanded to state court for want of federal subject matter jurisdiction.

**III. Conclusion.**

For all of the foregoing reasons, plaintiffs' Motion to Remand (doc. 5) is **granted**, and this action is hereby **remanded** to the Circuit Court of Mobile County, Alabama pursuant to 28 U.S.C. § 1447(c), for further proceedings.

DONE and ORDERED this 19th day of December, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE